ACCEPTED
07-15-00306-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
11/16/2015 8:27:18 PM
Vivian Long, Clerk

No. 07-15-00306-CV

# In the

# Court of Appeals for the Seventh (7th) District of Texas

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
11/16/2015 8:27:18 PM
VIVIAN LONG
CLERK

## at Amarillo

_____

**MERIDIAN LTC, LTD.**; **THEORA MANAGEMENT SYSTEMS, INC.**;
**KENNETH MIKE RICE**; **SCOTT STEVEN SPORE**; AND **MARIA STELLA BRIONES,**

Appellants,

**v.**

**LOUIS D. BYERS**, **INDEPENDENT ADMINISTRATOR OF
THE ESTATE OF WILLIE JOE BYERS, DECEASED,**

Appellee.

_____

Interlocutory Appeal from the 72nd Judicial District Court of Lubbock County
Cause No. 2013-505,504
Hon. Ruben Gonzales Reyes, Presiding

---

## APPELLEE'S BRIEF

---

**DAVID R. TOUPS**
Texas Bar No. 24034711
Toups Law Firm
3010 LBJ Fwy, Ste. 1200
Dallas, Texas 75234-2710
(214) 705-3940–Telephone
(800) 780-6834–Facsimile
DRTOUPS@TOUPSLAWFIRM.COM

ATTORNEY FOR APPELLEE

**ORAL ARGUMENT REQUESTED (CONTINGENT)**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..............................................................................ii

INDEX OF AUTHORITIES.........................................................................iv

STATEMENT ON ORAL ARGUMENT.................................................... v

SUMMARY OF THE ARGUMENT ........................................................ 1

ARGUMENT AND AUTHORITIES ...................................................... 3

I.     Appellants' Objections to the Trial Court Lacked Sufficient Specificity and the Grounds Presented Now on Appeal were not Detailed or Presented at the Trial Court Level. .................................... 6

II.    The Trial Court Properly Exercised Its Discretion in Ruling that the First Amended Expert Report Constituted a Fair, Good-Faith Summary of the Expert's Qualifications to Testify Regarding the Standard of Care. .............................................................................. 8

III.   The Trial Court Properly Exercised Its Discretion in Ruling that the First Amended Expert Report Presented a Fair, Good-Faith Summary of the Expert's Opinion Regarding the Applicable Standards of Care.10

IV.    The Trial Court Properly Exercised Its Discretion in Ruling that the First Amended Expert Report Presented a Fair, Good-Faith Summary of the Expert's Opinions Regarding the Health Care Providers' Breaches Regarding the Standards of Care.........................................11

V.     The Trial Court Properly Exercised Its Discretion in Ruling that the First Amended Expert Report Presented a Fair, Good-Faith Summary of Expert's Qualifications to Testify on Causation............................12

VI.    The Trial Court Properly Exercised Its Discretion in Ruling that the First Amended Expert Report Presented a Fair, Good-Faith Summary of the Expert's Opinions Regarding Causation. ...............................13

CONCLUSION AND PRAYER.............................................................. 15

CERTIFICATE OF COMPLIANCE ...................................................... 16

CERTIFICATE OF SERVICE ................................................................. 17

APPENDIX .......................................................................................... 18

# INDEX OF AUTHORITIES

## CASES

*American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873 (Tex.2001). ....................................................................3-4

*Certified EMS, Inc. v. Potts*, 392 S.W.3d 625 (Tex. 2013). ...........................5

*Loaisiga v. Cerda*, 379 S.W.3d 248 (Tex. 2012). ...................................5, 12

*Walker v. Gutierrez*, 111 S.W.3d 56 (Tex.2003). ........................................4

## STATUTES

Tex. Civ. Prac. & Rem. Code § 74.351(a). ..........................................3, 7-8

Tex. Civ. Prac. & Rem. Code § 74.351(*l*). ............................................4, 8

Tex. Civ. Prac. & Rem. Code § 74.351(r)(5)(A). .......................................9

Tex. Civ. Prac. & Rem. Code § 74.351(r)(5)(B). .......................................9

Tex. Civ. Prac. & Rem. Code § 74.351(r)(5)(C). ......................................13

Tex. Civ. Prac. & Rem. Code § 74.351(r)(6). ................................4-5, 9-12

Tex. Civ. Prac. & Rem. Code § 74.401 ......................................................9

Tex. Civ. Prac. & Rem. Code § 74.402. ....................................................9

## RULES

Tex. R. App. P. 33.1. ............................................................................3, 6-7

Tex. R. Evid. 702. ..................................................................................13

**No. 07-15-00306-CV**

**MERIDIAN LTC, LTD.**; **THEORA MANAGEMENT SYSTEMS, INC.**;
**KENNETH MIKE RICE**; **SCOTT STEVEN SPORE**; AND **MARIA STELLA BRIONES**,

Appellants,

**v.**

**LOUIS D. BYERS**, **INDEPENDENT ADMINISTRATOR OF**
**THE ESTATE OF WILLIE JOE BYERS, DECEASED,**

Appellee.

## APPELLEE'S BRIEF

## STATEMENT ON ORAL ARGUMENT

Appellee does not believe that oral argument is necessary and requests

argument only if Appellants are granted oral argument.

## SUMMARY OF THE ARGUMENT

The trial court correctly denied the generic, non-specific, objections filed by Meridian LTC, Ltd., ("Meridian"); Theora Management Systems, Inc. ("Theora"); Kenneth Mike Rice, now Robert Timothy Rice, Independent Executor of the Estate of Kenneth Michael Rice, Deceased ("Rice"); Scott Steven Spore ("Spore"); and Maria Stella Briones ("Briones") (collectively "Appellants"), which sought to dismiss the health care liability claims pending against them by generally objecting to the amended expert report served upon them in compliance with the medical liability provisions of the Texas Civil Practice and Remedies Code.

First, the Court should disregard the objections to the amended expert report that Appellants failed to specifically raise or assert in the trial court and raise now, for the first time, in an interlocutory appeal. Appellants assert objections to the amended expert report that were not sufficiently raised, specified, or ruled upon by the trial court.

Second, under § 74.351 of the Texas Civil Practice and Remedies Code (the "Expert Report Statute") and the objection raised by Appellants regarding the expert's qualifications to opine on the standard of care, the trial court properly exercised its discretion in determining that the amended expert report constituted a fair, good-faith summary of the expert's qualifications to testify as to the standard

of care. The express language of the amended expert report presents facts that establish the expert's qualifications to testify regarding the standards of care.

Third, the testifying expert provided a fair, good-faith summary of his opinions of the applicable standards of care in his amended expert report. The summary met the requirements of the Expert Report Statute so the trial court correctly denied the motion to dismiss filed by Appellants.

Fourth, the breaches regarding the standard of care were fairly summarized by the testifying expert and sufficiently met the statutory requirements necessitating the denial of the motion to dismiss.

Fifth, the testifying expert met the standard to testify on causation under the Expert Report Statute as demonstrated by the express language and facts presented in his *curriculum vitae* contained in the amended expert report.

Lastly, the testifying expert provided a fair summary of his opinions on causation meeting the requirements of the Expert Report Statute.

For these reasons, the trial court correctly exercised its discretion, applied the proper standard of review, and denied the motion to dismiss filed by Meridian, Theora, Rice, Spore, and Briones. The Appellate Court should affirm the trial court's denial of the motion to dismiss filed by Appellants.

## ARGUMENT AND AUTHORITIES

To the trial court the Appellants filed general, conclusory, and non-specific objections to the expert reports served upon them. The trial court properly exercised its discretion and determined that the report constituted an objective good-faith effort to comply with the expert report statute based upon the case law and the non-specific, ambiguous complaints cited in the objections filed by Appellants. *See* Tab 1 & Tab 2. Appellants wholly failed to cite or present any case law to support their elevated and heightened standards for expert reports in their filed objections, which must be filed in writing. TEX. CIV. PRAC. & REM. CODE § 74.351(a). Upon the denial of their objections, Appellants bore the burden of preserving error, if any, through the record. *See* TEX. R. APP. P. 33.1(a). They didn't. Rather, now on appeal, they seek to fly-speck the reports in detail with case law and factual citations and allegations, which they failed to present or assert before the trial court prior to it rendering its proper determination denying their motions to dismiss based upon the applicable statute and the documents filed and presented before it.

## STANDARD OF REVIEW

An abuse of discretion standard applies in reviewing a trial court's ruling on a defendant's motion to dismiss a health care liability claim. *American*

*Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877-78 (Tex.2001). An abuse of discretion occurs when the trial court acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003). In this particular instance, Appellants fail to show that the trial court acted in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles in presenting their appeal. In fact, the trial court properly applied the guiding rules and principles regarding expert reports based upon the objections raised and law cited by the Appellants in their filed objections.

Section 74.351 of the Texas Civil Practice and Remedies Code ("the Expert Report Statute") indicates that a court shall grant a motion challenging the adequacy of an expert report *only if* it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6). TEX. CIV. PRAC. & REM. CODE § 74.351(*l*) (emphasis added). An "[e]xpert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. TEX.

CIV. PRAC. & REM. CODE § 74.351(r)(6).

The determination of whether a plaintiff's expert report is adequate is not a merits determination, but rather a preliminary determination designed to expeditiously weed out claims that have no merit. *Loaisiga v. Cerda*, 379 S.W.3d 248, 263 (Tex. 2012). A valid expert report has three elements: it must fairly summarize the applicable standard of care; it must explain how a physician or health care provider failed to meet that standard; and it must establish the causal relationship between the failure and the harm alleged. *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 630 (Tex. 2013). A report that satisfies these requirements, even if as to one theory only, entitles the claimant to proceed with a suit against the physician or health care provider. *Id.* The report needs only to inform the defendant of the specific conduct the plaintiff has called into question and provide a basis for the trial court to conclude that the claims have merit. *Id.* A report need not cover every alleged liability theory to make the defendant aware of the conduct that is at issue. *Id.*

The report can be informal in that the information in the report does not have to meet the same requirements as the evidence offered in a summary-judgment proceeding or at trial. *Id.* at 631. If the trial court decides that a liability theory is supported, then the claim is not frivolous, and the suit may proceed. *Id.*

**I.** **Appellants' Objections to the Trial Court Lacked Sufficient Specificity, and the Grounds Presented Now on Appeal were not Detailed or Presented at the Trial Court Level.**

Appellants' objections in the trial court regarding the expert reports lacked sufficient specificity and failed to present the grounds and the specific deficiencies for which they now detail at length on appeal. *See* Tab 1 & Tab 2. As a result, Appellants failed to present them at the trial court level, which is a necessary prerequisite for determination on appeal. *See* TEX. R. APP. P. 33.1. The record *must* show that the complaint was made to the trial court by a timely objection that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. *See* TEX. R. APP. P. 33.1(a) (emphasis added). In this case, the Appellants initially filed an objection that constituted four pages, excluding the attached expert report, followed by another four page objection to the amended expert report. *See* Tab 1 & Tab 2 (CR 31-41 & CR Supp 4-16). The two filed objections failed to identify any specific deficiencies in the expert reports, but rather generically attack the expert reports by generally asserting that the reports were conclusory or failed to show or establish the expert's qualifications, the standard of care, breach, and causation without ever detailing how or why. *See* Tab 1 & Tab 2. However, now on appeal,

the Appellants file a brief presenting detailed and specific objections to the amended expert report, including citations to case law, which were not presented or shown at the trial court level. In fact, not a single case law reference exists in either objection filed by Appellants at the trial court level or any specific fault shown or demonstrated for either report. *See* Tab 1 & Tab 2. As a result, the Court should determine that the Appellants failed to preserve their objection on the record or waived the objection. *See* TEX. R. APP. P. 33.1(a); TEX. CIV. PRAC. & REM. CODE § 74.351(a).

Additionally, in their first issue, Appellants raise for the first time that the expert reports fail to demonstrate Dr. Kunik's qualifications and requires impermissible inferences. (*See* Appellant's Brief at 11 ¶ II, Tab 1 & Tab 2). Appellants failed to complain, present, or raise either of these objections at the trial court level; however, now on appeal they seek to raise that which was not objected to or presented to the trial court. Mr. Byers objects to all such attempts by Appellants, and this brief will address the objections actually asserted by Appellants in the objections filed and ruled upon by the trial court, which are attached to this brief as Tab 1 and Tab 2. Appellants also imply indirectly that Texas law provides fail-safe protective limited partnership sheltering mechanisms–employed by certain Appellants–that would perfectly shield them

from vicarious tort liability for operating insufficiently capitalized entities without liability insurance. (*See* Appellant's Brief at 12 fn. 2). Appellants did not raise or assert this objection or issue in their filed objections before the trial court.

Further, unless legitimate, specific objections identifying all alleged deficiencies in the expert reports were presented to the trial court and not addressed by Mr. Byers, a dismissal that requires the lack of an objective good faith effort to comply with the statute could not be forthcoming from the trial court. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(*l*). As such, the trial court could not have abused its discretion in denying the Appellants' objections when Appellants could not or did not express their specific complaints regarding the original or amended expert report to the trial court. The unidentified, non-specific, and unsupported generic objections of Appellants were waived. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a).

Therefore, the Court should find that the Appellants failed to adequately present their objections to the expert reports at the trial court level or failed to preserve them for appeal, and affirm the trial court's proper exercise of its discretion in denying Appellants' motion to dismiss Appellee's claims.

**II.     The Trial Court Properly Exercised Its Discretion in Ruling that the First Amended Expert Report Constituted a Fair, Good-Faith Summary of the Expert's Qualifications to Testify Regarding the Standard of Care.**

Based upon the objection asserted by Appellants to the expert report, the trial court properly exercised its discretion in determining that the amended expert report showed Dr. Kunik qualified to opine on the standard of care. (CR Supp. 9, 16-65). Under the statute, to testify regarding a standard of care, an expert must qualify under Texas Civil Practice and Remedies Code § 74.401 regarding physicians and § 74.402 regarding health care providers. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(r)(5)(A)&(B). The amended expert report has Dr. Kunik's *curriculum vitae* attached and incorporated by reference. (CR Supp. 9, 16-65). Appellants failed to raise any issue or complaint with the trial court regarding the incorporation by reference of Dr. Kunik's *curriculum vitae* in their filed objection to the amended expert report. *See* Tab 2. Dr. Kunik is a board certified geriatric psychiatrist and serves as a full professor teaching psychiatry & behavioral sciences at the Baylor College of Medicine in Houston. (Tab 2; CR Supp. 9, 16, 18). Additionally, he is the acting director of a clinical center. (Tab 2; CR Supp. 9, 16). These credentials alone qualify him under either section of the Texas Civil Practice and Remedies Code to opine as to the standard of medical care. *See* TEX. CIV. PRAC. & REM. CODE §§ 74.401 and 74.402.

Appellants also objected in the trial court that Dr. Kunik's qualifications are conclusory; however, the actual statute itself indicates that the expert report is

supposed to be a summary. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6); (CR Supp. 6, objection A). As a result, the trial court properly exercised its discretion and determined that the amended expert report represented an objective good faith effort to comply with the statute and correctly denied the defendants' motion to dismiss.

**III.     The Trial Court Properly Exercised Its Discretion in Ruling that the First Amended Expert Report Presented a Fair, Good-Faith Summary of the Expert's Opinion Regarding the Applicable Standards of Care.**

Based upon Appellants' raised objection to the expert report at the trial court level, the amended expert report presented a fair, good-faith summary of Dr. Kunik's opinions as to the applicable standards of care as required by the statute. Appellants objected in the trial court that the standards of care were stated in conclusory terms inadequate to meet the statute's requirements. (CR Supp. 6, objection B). Other than indicating that a fair summary must be given of the applicable standards of care, the statute does not indicate any additional specificity required for stating the standard of care in an expert report nor did Appellants cite or specify any in their objections to the report. *See* Tab 1 & Tab 2; TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6). Dr. Kunik provided a fair summary of the applicable standards of care in the amended expert report in caring for patients with dementia. (Tab 2; CR Supp. 11). Additionally, Appellants have failed demonstrate

in their brief how the trial court acted in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles regarding this objection to the report. As a result, the trial court properly exercised its discretion and determined that the amended expert report represented an objective good faith effort to comply with the statute and correctly denied the defendants' motion to dismiss. Therefore, the Court should affirm the trial court's denial of the motion to dismiss.

**IV.  The Trial Court Properly Exercised Its Discretion in Ruling that the First Amended Expert Report Presented a Fair, Good-Faith Summary of the Expert's Opinions Regarding the Health Care Providers' Breaches Regarding the Standards of Care.**

Based upon the objection presented by Appellants to the expert report at the trial court level, in compliance with the statute, the amended expert report provided a fair, good-faith summary of the manner in which the care rendered by the health care providers failed to meet the applicable standards of care. In their motion to dismiss in the trial court, Appellants objected that the alleged breaches of the standard of care stated in the amended expert report was only in conclusory terms inadequate to meet the statute's requirements. (CR Supp. 6, objection C). Appellants attempt to impose an inapplicable enhanced or elevated specificity requirement for expert reports. As discussed above, the statute does not require anything more than a fair summary of the manner in which the care rendered failed to meet the standard, and Appellants failed to inform or cite anything elevating the

statutory requirements in their objection to the trial court. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6).

An expert report must represent only a good-faith effort to provide a fair summary of the expert's opinions. *Loaisiga*, 379 S.W.3d at 257. A report need not marshal all of the plaintiff's proof, but it must include the expert's opinion on each of the elements identified in the statute. *Id.* Dr. Kunik's report meets the applicable standard, as the trial court in its discretion correctly determined. (CR Supp. 11-14). Once again on this point, Appellants failed to demonstrate how the trial court acted in an unreasonable or arbitrary manner, or absent guiding rules or principles regarding this objection. Using its discretion, the trial court correctly ruled that the amended expert report represented an objective good faith effort and denied the defendants' motion. Therefore, the Court should affirm the trial court's denial of the motion to dismiss.

**V.    The Trial Court Properly Exercised Its Discretion in Ruling that the First Amended Expert Report Presented a Fair, Good-Faith Summary of Expert's Qualifications to Testify on Causation.**

Based upon the objection stated by Appellants to the expert report at the trial court level, using its discretion, the trial court properly determined that the amended expert report showed Dr. Kunik qualified to opine on causation. (CR Supp. 9, 16-65). In their trial court motion, Appellants raised the objection that the

amended expert report does not show Dr. Kunik qualified to testify as to causation or does so in a conclusory manner. (CR Supp. 6, objection D). The expert report statute indicates that to testify as to causation, a physician need only qualify under the Texas Rules of Evidence. *See* TEX. CIV. PRAC. & REM. CODE §§ 74.351(r)(5)(C). Rule 702 of the Texas Rules of Evidence provides that a witness qualified by knowledge, skill, experience, training, or education may testify as an expert. *See* TEX. R. EVID. 702. Dr. Kunik's report demonstrates that he qualifies under both the statute and the rules of evidence to opine as an expert witness. *See* TEX. CIV. PRAC. & REM. CODE §§ 74.351(r)(5)(C); TEX. R. EVID. 702; (CR Supp. 9, 16-65).

As to Appellants' additional objection that Dr. Kunik's qualifications to testify are stated in a conclusory manner, the statute does not indicate a manner in which the expert's qualifications should be stated, nor do the Appellants cite any statute or case law in their trial court motion to support this particular objection to the report. As a result, the trial court properly applied the guiding rules and principles provided and denied the defendants' motion to dismiss. Therefore, the Court should affirm the trial court's ruling.

**VI.   The Trial Court Properly Exercised Its Discretion in Ruling that the First Amended Expert Report Presented a Fair, Good-Faith Summary of the Expert's Opinions Regarding Causation.**

Based upon the objection asserted by Appellants to the expert report at the trial court level, the trial court properly determined that the amended expert report provided a fair summary of the causation links between the defendants' failure to comply with the standard of care and Willie Byers' death. Appellants objected in their trial court motion to dismiss that the amended expert report failed to identify causation or did so in conclusory terms. (CR Supp. 6, objection E). As mentioned above, a fair summary of the expert's opinion on causation is all that is required, and Dr. Kunik linked the defendants' failures to meet the standard of care with the death that Willie Byers suffered in full compliance with the statute. (CR Supp. 10-14). As to the appellants' assertions that no particular mention of them is indicated in the expert report, Rice and Spore are specifically identified as Management Agents for Meridian, formerly known as the Tumbleweed Care Center, as well as in each of the capacities in which they were sued. (CR Supp. 10). The report also specifically identifies Briones as an Employee-Agent of the Tumbleweed Care Center. (CR Supp. 10). The amended expert report identifies the breaches of the standards of care and provides the causation links to Willie's death, indicating those breaches in which the Tumbleweed Care Center is implicated and addressing and differentiating whether a Management Agent or an Employee-Agent of Tumbleweed Care Center is liable. Just as before, Appellants failed to demonstrate

how the trial court acted in an unreasonable or arbitrary manner, or absent guiding rules or principles on the objection they raised at the trial court level. Using its discretion, the trial court correctly ruled that the amended expert report represented an objective good faith effort and denied the defendants' motion. Therefore, the Court should affirm the trial court's denial of the motion to dismiss.

## CONCLUSION AND PRAYER

For the reasons set forth, Appellee–Louis D. Byers, Independent Administrator of the Estate of Willie Joe Byers, Deceased–asks that the Court (i) find that the Appellants failed to adequately present their objections to the expert reports at the trial court level or failed to preserve them for appeal; (ii) affirm the trial court's exercise of discretion in denying the motion to dismiss filed by Appellants; and (iii) grant such other relief to which he may be justly entitled.

Respectfully Submitted,

**TOUPS LAW FIRM**

By: /s/ *David R. Toups*

DAVID R. TOUPS
State Bar No. 24034711
3010 LBJ Fwy, Ste. 1200
Dallas, Texas 75234-2710
(214) 705-3940–Telephone
(800) 780-6834–Facsimile
DRToups@ToupsLawFirm.com

*Appellee's Brief*

**ATTORNEY FOR APPELLEE,**
**LOUIS D. BYERS, INDEPENDENT**
**ADMINISTRATOR OF THE ESTATE OF**
**WILLIE JOE BYERS, DECEASED**


**CERTIFICATE OF COMPLIANCE**
**RULE 9.4(i)(3) OF THE TEXAS RULES OF APPELLATE PROCEDURE**

I certify that this document was computer generated and that according to the word count function of the software program used to prepare the document, the document has 3,462 words.


/s/ *David R. Toups*
_____
DAVID R. TOUPS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served on all parties or their counsel as listed below on this 16th day of November 2015.

*VIA TEXAS E-FILE SYSTEM*
Robin M. Green, Esq.
Richards, Elder & Green, LLC
3223 South Loop 289, Ste. 424
Lubbock, Texas 79423-1368
(806) 798-8868–Telephone
(806) 798-8878–Facsimile
*rgreen@regllp.com*–E-mail
ATTORNEY FOR APPELLANTS, MERIDIAN LTC LTD, F/D/B/A TUMBLEWEED CARE CENTER; THEORA MANAGEMENT SYSTEMS, INC., GENERAL PARTNER OF MERIDIAN LTC, LTD.; KENNETH MIKE RICE; SCOTT STEVEN SPORE; AND MARIA STELLA BRIONES

*VIA TEXAS E-FILE SYSTEM*
Andrew R. Seger, Esq.
Key Terrell & Seger, LLP
4825 50th St., Ste. A
Lubbock, Texas 79499
(806) 793-1906–Telephone
(806) 792-2135–Facsimile
*aseger@thesegerfirm.com*–E-mail
ATTORNEY FOR APPELLANTS, MERIDIAN LTC LTD, F/D/B/A TUMBLEWEED CARE CENTER; THEORA MANAGEMENT SYSTEMS, INC., GENERAL PARTNER OF MERIDIAN LTC, LTD.; KENNETH MIKE RICE; SCOTT STEVEN SPORE; AND MARIA STELLA BRIONES

/s/ *David R. Toups*
DAVID R. TOUPS

**MERIDIAN LTC, LTD.**; **THEORA MANAGEMENT SYSTEMS, INC.**;
**KENNETH MIKE RICE**; **SCOTT STEVEN SPORE**; AND **MARIA STELLA BRIONES,**

Appellants,

**v.**

**LOUIS D. BYERS, INDEPENDENT ADMINISTRATOR OF
THE ESTATE OF WILLIE JOE BYERS, DECEASED,**

Appellee.

---

## APPELLEE'S APPENDIX

## LIST OF DOCUMENTS

1. *Objections to the Sufficiency of Plaintiff's Expert Report of Mark E. Kunik. M.D., M.P.H.* less portions of Dr. Kunik's CV (CR 31-41). .......................................................................................... Tab 1

2. *Objections to the Sufficiency of Plaintiff's First Amended Expert Report of Mark E. Kunik. M.D., M.P.H.* less portions of Dr. Kunik's CV (CR Supp 4-16) ............................................................. Tab 2

# Tab 1

| | | |
|---|---|---|
| **LOUIS D. BYERS,** INDEPENDENT ADMINISTRATOR OF THE ESTATE OF WILLIE JOE BYERS, **Plaintiff,** | § § § § | IN THE 99th DISTRICT COURT |
| | § | |
| v. | § | |
| | § | IN AND FOR |
| **MERIDIAN LTC LTD.,** F/K/A TUMBLEWEED CARE CENTER; **THEORA MANAGEMENT SYSTEMS, INC.,** GENERAL PARTNER OF MERIDIAN LTC, LTD.; **HONOR SERVICES, INC.,** F/D/B/A TUMBLEWEED AND CHILDREN OF THE PIONEERS; **JON JAY KIRKSEY; EDNA FAYE HOWELL STOWE; MARIA STELLA BRIONES; CARMEN SERRATA JEWEL; KENNETH MIKE RICE; SCOTT STEVEN SPORE;** AND **AARON VERGE JEWELL; Defendant.** | § § § § § § § § § § § § § § § § § § § | LUBBOCK COUNTY, TEXAS |



## OBJECTIONS TO THE SUFFICIENCY OF PLAINTIFF'S EXPERT REPORT OF MARK E. KUNIK, M.D., M.P.H.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **Meridian LTC Ltd.,** f/d/b/a Tumbleweed Care Center, **Theora Management Systems, Inc.,** General Partner of Meridian LTC, Ltd., **Kenneth Michael Rice, M.D., Scott Steven Spore, M.D.,** and **Maria Stella Briones** (hereinafter referred to as "Defendants"), Defendants in the above-entitled and numbered cause, and file their Objections to the Sufficiency of Plaintiff's Expert Report of Mark E. Kunik, M.D., M.P.H and would respectfully show the Court as follows:

Defendants Objections to Expert Report of Mark E. Kunik, M.D., M.P.H.                                      Page 1

**I.**

This lawsuit was filed after September 1, 2003. Therefore, the provisions of TEX. CIV. PRAC. & REM. CODE Chapter 74 apply to this case.

**II.**

Plaintiff filed this suit on January 30, 2013. Plaintiff alleges that Defendants were negligent in the medical care (in a nursing home) rendered to Willie Byers. As such, Plaintiff asserts a "healthcare liability claim" against Defendants. *See* TEX. CIV. PRAC. & REM. CODE §74.001 (13)(Vernon's 2004).

On or about May 31, 2013, in an effort to comply with TEX. CIV. PRAC. & REM. CODE Chapter 74, Plaintiff served upon Defendants a report from Mark E. Kunik, M.D., M.P.H. (hereinafter referred to as "Kunik Report"). A copy of the Kunik Report is attached as Exhibit "A" and incorporated herein by reference. Defendants file and serve these objections to the Kunik Report within 21 days after the date the report was served on Defendants.

**III.**

Defendants make the following objections to the sufficiency of the Kunik Report:

A.     The Kunik Report fails to establish that Mark E. Kunik, M.D., M.P.H. is qualified to render an opinion on the standard of care applicable to Defendants, or in the alternative, the same is stated in conclusory terms;

B.     The Kunik Report states the standard of care applicable to Defendants in conclusory terms;

C.     The Kunik Report states the alleged breach in the standard of care applicable to Defendants in conclusory terms;

D.     The Kunik Report fails to establish that Mark E. Kunik, M.D., M.P.H. is qualified

to render an opinion on the causal connection between any alleged breach and the injury, harm, or damages claimed by Plaintiff, or alternatively, the same is stated in conclusory terms; and

E.     The Kunik Report fails to identify the causal relationship between the alleged failure of Defendants to comply with the applicable standard of care and the injury, harm and damages claimed, or alternatively, the same is stated in conclusory terms.

## IV.

Upon sustaining these objections to the Kunik Report, Defendants request that the Court dismiss this cause with prejudice, enter an award of attorney fees and grant any other relief as allowed by Tex. Civ. Prac. & Rem. Code §74.351(b).

WHEREFORE, PREMISES CONSIDERED, Defendants, request that this matter be set for hearing and that, upon hearing, the Court sustain these Objections to the Sufficiency of Plaintiff's Expert Report of Mark E. Kunik, M.D., M.P.H. dismiss this cause with prejudice, enter an award of attorney fees, and for such other and further relief to which Defendants may be entitled.

Respectfully submitted,

RICHARDS, ELDER & GREEN, PLLC
3223 South Loop 289, Suite 424 (79423)
P.O. Box 64657
Lubbock, TX  79464-4657
Tel. (806)798-8868
Fax. (806)798-8878

By: _____
Robin M. Green
Texas Bar No. 08369000

Dana Garay
Texas Bar. No. 24007220
*Attorneys for Defendants*

33

## CERTIFICATE OF SERVICE

    I certify that on __11th__ day of June, 2013, a true and correct copy of *Objections to the Sufficiency of Plaintiff's Expert Report of Mark E. Kunik, M.D., M.P.H.* was served on David R. Toups, Bennett, Weston, Lajone & Turner, P.C., 1603 LBJ Fwy, Ste. 280, Dallas, Texas 75234-6040 via facsimile transmission to (800) 780-6834.

DANA GARAY



# EXHIBIT A



Cause No. 2013-505,504

# In the 99th District Court of Lubbock County, Texas

---

LOUIS D. BYERS, INDEPENDENT ADMINISTRATOR OF THE
ESTATE OF WILLIE JOE BYERS, DECEASED,

Plaintiff,

v.

MERIDIAN LTC, LTD., F/K/A TUMBLEWEED CARE CENTER; THEORA
MANAGEMENT SYSTEMS, INC., GENERAL PARTNER OF MERIDIAN LTC, LTD.;
HONOR SERVICES, INC., F/D/B/A TUMBLEWEED AND CHILDREN OF THE PIONEERS;
JON JAY KIRKSEY; EDNA FAYE HOWELL STOWE; MARIA STELLA BRIONES;
CARMEN SERRATA JEWEL, KENNETH MIKE RICE; SCOTT STEVEN SPORE; AND
DONNALD AARON JEWELL,

Defendants.

---

## EXPERT REPORT

---

*Prepared by:*

MARK E. KUNIK, MD, MPH [1]

---

[1] *See* Ex. A–*Curriculum Vitae of Mark E. Kunik,* a true and correct copy of which is attached as Exhibit A and incorporated by reference to this expert report.

36

**Expert Opinion Summary.** At this time, based upon my conversations with counsel for Louis D. Byers, Independent Administrator of the Estate of Willie Joe Byers, Deceased, and my review of the following documents that have been provided to me:

- an *Original Petition* filed January 30, 2013;
- a Texas Department of Aging and Disability Investigation Report containing 103 pages regarding the incident;
- *weather station information from Weathersource for February 1, 2011 to February 3, 2011 for Brownfield, Texas; and*
- *KCBD news stories of the incident dated February 04, 2011; March 17, 2011; July 21, 2011; and July 25, 2011;*

it is my opinion—to a reasonable medical probability—that the care for Willie Joe Byers provided by the Tumbleweed Care Center and the Children of the Pioneers nursing care facilities—and their employees and agents—failed to meet the standard in Texas for caring for patients suffering from dementia, and these failures caused Willie Joe Byer's death.

Specifically, the standards of care in Texas which were not met are as follows:

(i) a facility caring for patients with dementia owes a duty to professionally supervise, monitor, and protect patients, and exercise reasonable care for their safety based upon their known mental and physical condition;

(ii) a facility caring for patients with dementia owes a duty to select and train staff to care for patients suffering from this illness;

(iii) a facility caring for patients with dementia owes a duty to provide adequate facilities to care for them; and

(iv) a facility caring for patients with dementia owes a duty to provide adequate policies, procedures, and supervision of staff to accommodate their care.

Using these standards, the care provided by the Tumbleweed Care Center and the Children of the Pioneers falls short regarding the care provided to Willie Joe Byers on the 2nd and 3rd of February 2011, which caused his death. Each of these failures contributed to Willie Joe's death and had a foreseeable result, which occurred, for failing to meet the standard of care.

*Expert Report*

First, despite unusually severe cold weather across the region, the Children of the Pioneers transferred Willie Joe—a patient known to have dementia—late in the day on February 2nd to the Tumbleweed Care Center, in a different town. The new facility would have been an environment unfamiliar to him and this was done without the family's consent. The Children of the Pioneers and the Tumbleweed Care Center failed to supervise, monitor, or protect Willie Joe on the night of February 2nd and the morning of February 3rd, which allowed him to leave the Tumbleweed Care Center facility unnoticed on February 3rd, become disoriented in the facility's yard, and die of hypothermia in the snow. Additionally, had routine supervision or monitoring have taken place, his absence would have been discovered; however, his absence took four hours to discover. Had the Children of the Pioneers and the Tumbleweed Care Center supervised, monitored, and protected Willie Joe, he would not have died of hypothermia outside the facility.

Second, the Tumbleweed Care Center and the Children of the Pioneers failed either to select staff capable of caring for demented patients or they failed to train their staff in the proper care of them. The facilities' staff should have been familiar with disorientation that often worsens in the evening and in new settings. Willie Joe was transferred in the evening to an unsecured, unfamiliar facility; and he had wandered before. Had the facilities' staff been properly selected or trained properly, they would have been able to anticipate Willie Joe's behaviors that commonly occur in a person suffering from dementia. The failure of the staff to recognize and anticipate behaviors common to persons with dementia demonstrates a lack of capability or training which was a contributing factor to Willie Joe's death.

38

Third, the Tumbleweed Care Center was an unsecured facility and ill equipped to handle residents with dementia. Willie Joe was transferred from a secure unit at The Children of the Pioneers, to an unsecured setting, Tumbleweed Care Center, which lacked the secured area to protect patients with dementia. The failure of the Tumbleweed Care Center to provide adequate facilities to care for demented patients caused Willie Joe's death.

Fourth, the Tumbleweed Care Center and the Children of the Pioneers failed to provide adequate policies, procedures, and supervision of staff to care for demented patients. The staff of each facility contributed to the death of Willie Joe Byers through a series of failures in good discretion and judgment. Had adequate policies and procedures been in place, along with supervision to implement their compliance, Willie Joe's death due to exposure could have been prevented.

Signed this **29th** day of May 2013.

<u>MARK E. KUNIK, M.D.</u>

39

# Exhibit A

*True and Correct Copy of the*
*Curriculum Vitae of Mark E. Kunik*

# I. GENERAL BIOGRAPHICAL INFORMATION

A.  Personal
    1.  Name:  Mark Edwin Kunik
    2.  Date of Birth; citizenship:  May 5, 1961, Houston, TX; US citizen

B.  Education
    1.  Undergraduate Education: BA, Psychology, Honors, University of Texas, 1979-1982
    2.  Medical Education:  MD, Baylor College of Medicine, 1983-1987
    3.  Postgraduate Training:
        a.  Combined Internship/Residency in Psychiatry, Baylor Affiliated Hospitals,
            Baylor College of Medicine, 1987-1991
        b.  Geriatric Psychiatry Fellow, Western Psychiatric Institute and Clinic, University
            of Pittsburgh School of Medicine, 1991-1992
        c.  MPH, University of Texas School of Public Health, 2000

C.  Academic Appointments
    1.  Current faculty positions at BCM:
        a.  Professor, Menninger Department of Psychiatry & Behavioral Sciences, Baylor
            College of Medicine, Houston, TX, 2007-present
        b.  Associate Professor, Department of Medicine, Baylor College of Medicine,
            Houston, TX, 2002-present
        c.  Acting Director, South Central Mental Illness Research, Education, & Clinical
            Center (MIRECC), 2012-present, annual budget $2,500,000
        d.  Associate Director and Chief, Health Services Delivery & Organization, Houston
            Center for Quality of Care & Utilization Studies: A Veterans Affairs Health
            Services Research & Development Center of Excellence, Michael E. DeBakey
            Veterans Affairs Medical Center, Houston, TX, 2003-present, annual budget
            $10,000,000
        e.  Psychiatry Director, Advanced Fellowship Program in Mental Illness Research
            and Treatment, 2001-present
        f.  Co-Chief, Education & Mentoring, Houston Center for Quality of Care &
            Utilization Studies: A Veterans Affairs Health Services Research & Development
            Center of Excellence, Michael E. DeBakey Veterans Affairs Medical Center,
            Houston, TX, 2007-2008
        g.  Associate Director, Research Training, South Central Mental Illness Research,
            Education, & Clinical Center (MIRECC), 2004-2012, annual budget $2,500,000
        h.  Associate Professor, Menninger Department of Psychiatry & Behavioral Sciences,
            Baylor College of Medicine, Houston, TX, 1999-2007
        i.  Physician Investigator, Houston Veterans Affairs Medical Center, Houston Center
            for Quality of Care & Utilization Studies: A Veterans Affairs Health Services
            Research & Development Center of Excellence, Houston, TX, 1999-2003.
        j.  Assistant Professor, Department of Psychiatry & Behavioral Sciences, Baylor
            College of Medicine, Houston, TX, 1992-1999

# Tab 2

| | | |
|---|---|---|
| LOUIS D. BYERS, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF WILLIE JOE BYERS, **Plaintiff,** | § § § § § | IN THE 99th DISTRICT COURT |
| v. | § § | |
| MERIDIAN LTC LTD., F/K/A TUMBLEWEED CARE CENTER; THEORA MANAGEMENT SYSTEMS, INC., GENERAL PARTNER OF MERIDIAN LTC, LTD.; HONOR SERVICES, INC., F/D/B/A TUMBLEWEED AND CHILDREN OF THE PIONEERS; JON JAY KIRKSEY; EDNA FAYE HOWELL STOWE; MARIA STELLA BRIONES; CARMEN SERRATA JEWEL; KENNETH MIKE RICE; SCOTT STEVEN SPORE; AND AARON VERGE JEWELL; **Defendant.** | § § § § § § § § § § § § § § § § § § | IN AND FOR LUBBOCK COUNTY, TEXAS |

## OBJECTIONS TO THE SUFFICIENCY OF PLAINTIFF'S FIRST AMENDED EXPERT REPORT OF MARK E. KUNIK, M.D., M.P.H.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **Meridian LTC Ltd.**, f/d/b/a Tumbleweed Care Center ("Meridian"),

**Theora Management Systems, Inc.**, General Partner of Meridian LTC, Ltd. ("Theora"),

**Kenneth Michael Rice, M.D.**, **Scott Steven Spore, M.D.**, and **Maria Stella Briones**

(hereinafter referred to as "Defendants"), Defendants in the above-entitled and numbered cause,

and file their Objections to the Sufficiency of Plaintiff's First Amended Expert Report of Mark

E. Kunik, M.D., M.P.H dated September 15, 2013 and received by Defendants on September 21,

2013, and would respectfully show the Court as follows:

**I.**

This lawsuit was filed after September 1, 2003. Therefore, the provisions of TEX. CIV. PRAC. & REM. CODE Chapter 74 apply to this case.

**II.**

Plaintiff filed this suit on January 30, 2013. Plaintiff alleges that Defendants were negligent in the medical care (in a nursing home) rendered to Willie Byers. As such, Plaintiff asserts a "healthcare liability claim" against Defendants. *See* TEX. CIV. PRAC. & REM. CODE §74.001 (13)(Vernon's 2004).

On or about May 31, 2013, in an effort to comply with TEX. CIV. PRAC. & REM. CODE Chapter 74, Plaintiff served upon Defendants a report from Mark E. Kunik, M.D., M.P.H. (hereinafter referred to as "Kunik Report"). In a letter dated July 17, 2013, the Court indicated that he intended to find that this Report was not sufficient to comply with the law as to some of the Defendants and allow the Defendant thirty days to cure the insufficiencies. Thereafter, on September 18, 2013, the Plaintiff forwarded the "First Amended Expert Report" to Defendants (hereinafter referred to as the "Amended Report"). That Amended Report was received by Defendants on September 21, 2013. A copy of the Amended Report is attached as Exhibit "A" and incorporated herein by reference. Defendants file and serve these objections to the Kunik Report within 21 days after the date the report was served on Defendants. Although, Defendants are aware that the Court has stated its intention to sustain the sufficiency of the Kunik Report as to Defendants Meridian and Theora, these two Defendants are included among those objecting to these Objections to the Sufficiency of the First Amended Expert Report of Mark E. Kunik, M.D., M.P.H.

## III.

Defendants make the following objections to the sufficiency of the Amended Report:

A.     The Amended Report, like the prior Kunik Report, fails to establish that Mark E. Kunik, M.D., M.P.H. is qualified to render an opinion on the standard of care applicable to Defendants, or in the alternative, the same is stated only in conclusory terms inadequate to meet the requirements of the Statute. In fact, as to Dr. Kunik's qualifications, the Report appears to be exactly the same;

B.     The Amended Report, like the prior Kunik Report, states the standard of care applicable to Defendants only in conclusory terms inadequate to meet the requirements of the statute;

C.     The Amended Report, like the prior Kunik Report, states the alleged breach in the standard of care applicable to Defendants only in conclusory terms inadequate to meet the requirements of the statute;

D.     The Amended Report, like the prior Kunik Report, fails to establish that Mark E. Kunik, M.D., M.P.H. is qualified to render an opinion on the causal connection between any alleged breach and the injury, harm, or damages claimed by Plaintiff, or alternatively, the same is stated only in conclusory terms inadequate to meet the requirements of the statute; and

E.     The Amended Report, like the prior Kunik Report, fails to identify the causal relationship between the alleged failure of Defendants to comply with the applicable standard of care and the injury, harm and damages claimed, or alternatively, the same is stated only in conclusory terms inadequate to meet the requirements of the statute.

## IV.

Upon sustaining these objections to the Kunik Report, Defendants request that the Court

dismiss this cause with prejudice, enter an award of attorney fees and grant any other relief as allowed by Tex. Civ. Prac. & Rem. Code §74.351(b).

WHEREFORE, PREMISES CONSIDERED, Defendants, request that this matter be set for hearing and that, upon hearing, the Court sustain these Objections to the Sufficiency of Plaintiff's First Amended Expert Report of Mark E. Kunik, M.D., M.P.H. dismiss this cause with prejudice, enter an award of attorney fees, and for such other and further relief to which Defendants may be entitled.

Respectfully submitted,

**RICHARDS, ELDER & GREEN, PLLC**
3223 South Loop 289, Suite 424 (79423)
P.O. Box 64657
Lubbock, TX 79464-4657
Tel. (806) 798-8868
Fax. (806) 798-8878

By: _____
Robin M. Green
Texas Bar No. 08369000

*Attorneys for Above Named Defendants*

## CERTIFICATE OF SERVICE

I certify that on 30th day of SeptemberJune, 2013, a true and correct copy of *Objections to the Sufficiency of Plaintiff's Expert Report of Mark E. Kunik, M.D., M.P.H.* was served on Mr. David R. Toups, The Toups Law Firm, 3010 LBJ Fwy, 12th Floor, Dallas, Texas 75234-2710 via facsimile transmission to (800) 780-6834.

_____
Robin M. Green

# EXHIBIT A



Cause No. 2013-505,504

# IN THE 99TH DISTRICT COURT OF

# LUBBOCK COUNTY, TEXAS

---

LOUIS D. BYERS, INDEPENDENT ADMINISTRATOR OF THE
ESTATE OF WILLIE JOE BYERS, DECEASED,

Plaintiff,

v.

MERIDIAN LTC, LTD., F/K/A TUMBLEWEED CARE CENTER; THEORA
MANAGEMENT SYSTEMS, INC., GENERAL PARTNER OF MERIDIAN LTC, LTD.;
HONOR SERVICES, INC., F/D/B/A TUMBLEWEED AND CHILDREN OF THE PIONEERS;
JON JAY KIRKSEY; EDNA FAYE HOWELL STOWE; MARIA STELLA BRIONES;
CARMEN SERRATA JEWEL, KENNETH MIKE RICE; SCOTT STEVEN SPORE; AND
DONNALD AARON JEWELL,

Defendants.

---

**FIRST AMENDED EXPERT REPORT**

---

*Prepared by:*

MARK E. KUNIK, MD, MPH [1]

---

[1] *See* Ex. A–*Curriculum Vitae of Mark E. Kunik,* a true and correct copy of which is attached as
Exhibit A and incorporated by reference to this expert report.

*First Amended Expert Report*

9

**Identification of Parties**. (i) Defendant, Meridian LTC, Ltd., formerly known as Tumbleweed Care Center ("Tumbleweed Care Center"), a Texas limited partnership; (ii) Defendant, Theora Management Systems, Inc.–general partner responsible for Meridian LTC, Ltd., f/k/a Tumbleweed Care Center–("Theora Corp."), a Texas corporation; (iii) Defendant, Honor Services, Inc., d/b/a Tumbleweed and Children of the Pioneers ("Children of the Pioneers"), a Texas corporation that forfeited its existence by failing to maintain it status with the Texas Secretary of State; (iv) Defendant, Carmen Serrata Jewel a/k/a Carmen Jewell Jewell ("Jewel" or "Management Agent")–individually and as a shareholder, officer, and director of the business formerly known as Honor Services, Inc., and doing business as Tumbleweed and as Children of the Pioneers; (v) Defendant, Jon Jay Kirksey ("Employee-Agent") of the Tumbleweed Care Center; (vi) Defendant, Edna Faye Howell Stowe, ("Employee-Agent") of the Tumbleweed Care Center; (vii) Defendant, Maria Stella Briones ("Employee-Agent") of the Tumbleweed Care Center; (viii) Defendant, Kenneth Mike Rice ("Management Agent")–individually and as a shareholder, officer, and director of Theora Corp., general partner responsible for Meridian LTC, Ltd., f/k/a Tumbleweed Care Center; (ix) Defendant, Scott Steven Spore ("Management Agent")–individually and as a shareholder, officer, and director of Theora Corp., general partner responsible for Meridian LTC, Ltd., f/k/a Tumbleweed Care Center; (x) Defendant, Donnald Aaron Jewell ("Management Agent")–individually and as a shareholder, officer, and director of Theora Corp., general partner responsible for Meridian LTC, Ltd., f/k/a Tumbleweed Care Center.

10

**Expert Opinion Summary.** At this time, based upon my conversations with counsel for Louis D. Byers, Independent Administrator of the Estate of Willie Joe Byers, Deceased, and my review of the following documents that have been provided to me:

- a *Plaintiff's First Amended Petition* filed May 30, 2013;[2]
- a Texas Department of Aging and Disability Investigation Report containing 103 pages regarding the incident;[3]
- *weather station information from Weathersource for February 1, 2011 to February 3, 2011 for Brownfield, Texas;*[4] *and*
- *KCBD news stories of the incident dated February 04, 2011; March 17, 2011; July 21, 2011; and July 25, 2011;*[5]

it is my opinion–to a reasonable medical probability–that the care for Willie Joe Byers provided by the Tumbleweed Care Center nursing care facility, including its Management Agents and Employee-Agents, and the Children of the Pioneers nursing care facility, including its Management Agent and employees, failed to meet the standard in Texas for caring for patients suffering from dementia, and these failures caused Willie Joe Byer's death.

Specifically, the standards of care in Texas which were not met are as follows:

(i) a facility caring for patients with dementia owes a duty to professionally supervise, monitor, and protect patients, and exercise reasonable care for their safety based upon their known mental and physical condition;

(ii) a facility caring for patients with dementia owes a duty to select and train staff to care for patients suffering from this illness;

(iii) a facility caring for patients with dementia owes a duty to provide adequate facilities to care for them; and

(iv) a facility caring for patients with dementia owes a duty to provide adequate policies, procedures, and supervision of staff to accommodate their care.

---

[2] Which is incorporated by reference to this expert report, which is filed in Cause No. 2013-505,504, in the 99th District Court of Lubbock County, Texas.
[3] *See* Ex. B–a true and correct copy of which is attached as Exhibit B and incorporated by reference to this expert report.
[4] Which is incorporated by reference to this expert report.
[5] Which are incorporated by reference to this expert report.

Using these standards, the care provided by the Tumbleweed Care Center nursing care facility, including its Management Agents and Employee-Agents, and the Children of the Pioneers nursing care facility, including its Management Agent and employees, falls short regarding the care provided to Willie Joe Byers on the 2nd and 3rd of February 2011, which caused his death. Each of these failures contributed to Willie Joe's death and had a foreseeable result, which occurred, for failing to meet the standard of care.

First, despite unusually severe cold weather across the region, the Children of the Pioneers, with the approval of its Management Agent, transferred Willie Joe–a patient known to have dementia–late in the day on February 2nd to the Tumbleweed Care Center, in a different town. The new facility would have been an environment unfamiliar to him and this was done without the family's consent. The Children of the Pioneers, including its Management Agent and employees, and the Tumbleweed Care Center, including its Management Agents and Employee-Agents, failed to supervise, monitor, or protect Willie Joe on the night of February 2nd and the morning of February 3rd, which allowed him to leave the Tumbleweed Care Center facility unnoticed on February 3rd, become disoriented in the facility's yard, and die of hypothermia in the snow. Additionally, had routine supervision or monitoring have taken place, his absence would have been discovered; however, his absence took four hours to discover when he was found dead outside the facility. Had the Children of the Pioneers, including its Management Agent and employees, and the Tumbleweed Care Center, including its Management Agents and Employee-Agents, supervised, monitored, and protected Willie Joe, he would not have frozen to death outside the facility.

Second, the Tumbleweed Care Center, including its Management Agents, and the Children of the Pioneers, including its Management Agent, failed either to select staff capable of caring for patients suffering from dementia or they failed to train their staff in the proper care of them. The facilities' staff should have been familiar with evening disorientation that patients suffering from dementia experience. Willie Joe was transferred in the evening to an unsecured place unfamiliar to him, and he had wandered before. Had the facilities' staff been properly selected or trained properly, they would have been able to anticipate Willie Joe's behaviors that are consistent with a person suffering from dementia. The failure of the staff to recognize and anticipate behaviors consistent with patients suffering from dementia demonstrates a lack of capability or training which was a contributing factor to Willie Joe's death.

Third, the Tumbleweed Care Center was an unsecured facility and ill equipped to handle patients suffering from dementia, which was known or should have been known by the Management Agents of the facility. The Children of the Pioneers, a facility with a secured area where Willie Joe lived, transferred Willie Joe to the Tumbleweed Care Center, which lacked the secured area to protect patients suffering from dementia. The failure of the Tumbleweed Care Center to provide adequate facilities to care for patients suffering from dementia caused Willie Joe's death.

Fourth, the Tumbleweed Care Center, including its Management Agents, and the Children of the Pioneers, including its Management Agents, failed to provide adequate policies, procedures, and supervision of staff to care for patients suffering from dementia. The staff of each facility contributed to the death of Willie Joe Byers through a series of failures in good discretion and judgment. Had adequate policies and procedures been in

place, along with supervision to implement their compliance, Willie Joe's death due to exposure could have been prevented.

Signed this 15th day of September 2013.

_____
MARK E. KUNIK, M.D.

# Exhibit A

*True and Correct Copy of the*
*Curriculum Vitae of Mark E. Kunik*

# I. GENERAL BIOGRAPHICAL INFORMATION

A.    Personal
      1.  Name:  Mark Edwin Kunik
      2.  Date of Birth; citizenship:  May 5, 1961, Houston, TX; US citizen

B.    Education
      1.  Undergraduate Education: BA, Psychology, Honors, University of Texas, 1979-1982
      2.  Medical Education:  MD, Baylor College of Medicine, 1983-1987
      3.  Postgraduate Training:
          a.  Combined Internship/Residency in Psychiatry, Baylor Affiliated Hospitals,
              Baylor College of Medicine, 1987-1991
          b.  Geriatric Psychiatry Fellow, Western Psychiatric Institute and Clinic, University
              of Pittsburgh School of Medicine, 1991-1992
          c.  MPH, University of Texas School of Public Health, 2000

C.    Academic Appointments
      1.  Current faculty positions at BCM:
          a.  Professor, Menninger Department of Psychiatry & Behavioral Sciences, Baylor
              College of Medicine, Houston, TX, 2007-present
          b.  Associate Professor, Department of Medicine, Baylor College of Medicine,
              Houston, TX, 2002-present
          c.  Acting Director, South Central Mental Illness Research, Education, & Clinical
              Center (MIRECC), 2012-present, annual budget $2,500,000
          d.  Associate Director and Chief, Health Services Delivery & Organization, Houston
              Center for Quality of Care & Utilization Studies: A Veterans Affairs Health
              Services Research & Development Center of Excellence, Michael E. DeBakey
              Veterans Affairs Medical Center, Houston, TX, 2003-present, annual budget
              $10,000,000
          e.  Psychiatry Director, Advanced Fellowship Program in Mental Illness Research
              and Treatment, 2001-present
          f.  Co-Chief, Education & Mentoring, Houston Center for Quality of Care &
              Utilization Studies: A Veterans Affairs Health Services Research & Development
              Center of Excellence, Michael E. DeBakey Veterans Affairs Medical Center,
              Houston, TX, 2007-2008
          g.  Associate Director, Research Training, South Central Mental Illness Research,
              Education, & Clinical Center (MIRECC), 2004-2012, annual budget $2,500,000
          h.  Associate Professor, Menninger Department of Psychiatry & Behavioral Sciences,
              Baylor College of Medicine, Houston, TX, 1999-2007
          i.  Physician Investigator, Houston Veterans Affairs Medical Center, Houston Center
              for Quality of Care & Utilization Studies: A Veterans Affairs Health Services
              Research & Development Center of Excellence, Houston, TX, 1999-2003.
          j.  Assistant Professor, Department of Psychiatry & Behavioral Sciences, Baylor
              College of Medicine, Houston, TX, 1992-1999